UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DERRICK MARTIN #578078              CIVIL ACTION NO. 18-cv-1401

VERSUS                                              JUDGE FOOTE

CLAIBORNE PARISH DETENTION CENTER,    MAGISTRATE JUDGE HORNSBY
ET AL

**REPORT AND RECOMMENDATION**

**Introduction**

The complaint filed by Derrick Martin ("Plaintiff"), who is self-represented, names as defendants Correctional Officer Caleb Norred (misspelled Norad in the complaint), Warden Sumlin, Warden Goodwin, the Claiborne Parish Detention Center "(CPDC"), and the Louisiana Department of Corrections ("DOC"). Plaintiff alleged that Norred sexually assaulted him while he was housed at the CPDC as a DOC prisoner, and Warden Sumlin and Warden Goodwin did nothing in response to Plaintiff's report of the incidents.

An earlier Report and Recommendation (Doc. 26) recommended that the claims against the DOC be dismissed based on Eleventh Amendment immunity. Another Report and Recommendation (Doc. 43) clarified that the "Warden Goodwin" in the complaint is Assistant Warden John Goodwin, not Jerry Goodwin who was served with the complaint; Jerry Goodwin is the warden at a different facility.

Now before the court is a Motion for Summary Judgment (Doc. 45) by Warden Johnny Sumlin and Deputy Norred. For the reasons that follow, it is recommended that the claims against Sumlin and Norred be dismissed for failure to exhaust administrative

remedies. It is also recommended that the claims against John Goodwin be dismissed for failure to prosecute and that the claims against CPDC be dismissed because it is not a legal entity with the capacity to be sued. Adoption of the pending Report and Recommendations will result in a final judgment that ends this civil action.

**Relevant Facts**

Plaintiff alleged in his complaint that on February 6 and 14, 2018, he was "sexual assaulted" by officer Norred. He had his family call a hotline for complaints under the Prison Rape Elimination Act ("PREA"), and they were told that his claim had been turned over to the DOC. Plaintiff alleged that he was called to an office and spoke with Warden Sumlin and Warden Goodwin, but nothing was done about the matter by the DOC or the wardens.

Plaintiff, in an affidavit attached to his complaint, added some additional details. He stated that he was working in the kitchen when Norred "started playing gay games again with me" and "hit me on my behind in front of the entire kitchen staff" and the prisoners who worked in the kitchen. Plaintiff said that he told Norred that he did not play like that and threatened to report Norred if it happened again. Norred allegedly told Plaintiff that Plaintiff would be transferred to another facility if he reported the matter, but Norred would know people wherever Plaintiff went.

Plaintiff wrote in his affidavit that Norred started playing gay games again the next day. "He didn't put his hands on me the way he did before, but when he started to frisk everybody he made some strange touching with his hands. He followed the shape of my body all over." Plaintiff stated that, on another day, Norred came into his dorm and hit him

on the behind. Plaintiff then called his sister and asked her to call the PREA hotline and make a complaint. Plaintiff submitted a written complaint to prison officials on February 15, 2018.

Sumlin and Norred's motion for summary judgment is supported by an affidavit from Assistant Warden John Goodwin. He testifies that Plaintiff's February 15, 2018 handwritten complaint, a copy of which is attached to his affidavit, was the only written complaint that Plaintiff submitted regarding his allegations of inappropriate actions by Deputy Norred during February 2018. Goodwin testifies that Plaintiff indicated when he filed the complaint that he was making it under the PREA. The complaint alleged that Norred was playing "gay games" and engaging in the other actions alleged by Plaintiff between February 6 and 11, 2018. It did not indicate that it was intended to be an administrative remedy grievance. Goodwin explains that the process for a PREA complaint is separate from the process for administrative grievances.

Plaintiff's PREA complaint, consistent with the process for such complaints, resulted in an investigation and the issuance of a standardized case report that was submitted to the DOC. The standardized case report, a copy of which is attached to Goodwin's affidavit, states that Plaintiff came to the security office and stated that he wanted to file a PREA complaint against Deputy Caleb Norred based on an incident on February 6, 2018 where Norred came up behind Plaintiff and hit him on the behind, and it was not the first time Norred had done so. Plaintiff also alleged, as in his judicial complaint, that Norred improperly searched or frisked him the next day.

Goodwin wrote in his report that he and another officer pulled the video recordings from the relevant time. He did not see any actions during the shakedowns that might be out of order or sexual in nature. The recording did show that, after the shakedowns, Norred went to a table and sat by Plaintiff, and they appeared to have a conversation. Norred left to perform some other duties, but he later returned and talked to Plaintiff again. When Norred got up from the table, he took his shakedown gloves from his pocket and swatted Plaintiff on the lower back/upper buttocks area and then left.

Goodwin found that the conduct was more horseplay than something of a sexual nature. Goodwin spoke to Plaintiff, who said that he wanted to get "shipped" and had used this method before to get transferred to another facility. Goodwin spoke to Deputy Norred, who denied the allegations against him. Goodwin noted that Norred had been written up and talked to several times about horseplay with offenders, and Norred resigned from employment at CPDC after being talked to on this occasion. Plaintiff is now housed at the Madison Parish Correctional Center.

**Summary Judgment**

"Since exhaustion is an affirmative defense, the burden is on [Defendants] to demonstrate that [Plaintiff] failed to exhaust available administrative remedies." Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so

that a reasonable jury could return a verdict for either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Claims Against Warden Sumlin and Deputy Norred**

Plaintiff's complaint filed in this court attempts to assert claims based on 42 U.S.C. § 1983. Defendants Sumlin and Norred argue that Plaintiff's complaint is subject to dismissal because Plaintiff did not exhaust his administrative remedies before he filed suit. The defense is based on a provision in 42 U.S.C. § 1997e(a) enacted by the Prison Litigation Reform Act ("PLRA"). It provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The statute is interpreted broadly to apply to all inmate suits about prison life, whether they involve general circumstances or particular episodes. Porter v. Nussle, 122 S.Ct. 983 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006). "[T]he

PLRA pre-filing exhaustion requirement is mandatory and non-discretionary." Gonzalez v. Seal, 702 F.3d 785, 787 (5th Cir. 2012) (per curiam).

Sumlin and Norred argue that Plaintiff did not exhaust his administrative remedies in accordance with the administrative remedy procedure in place at the CPDC. Attached to Warden Goodwin's affidavit is a copy of the CPDC's three-step administrative remedy procedure. Step one is for an offender to complete an offender grievance form that consists of (a) a standard Offender Grievance form or (b) any form of written communication which contains the phrase: "This is a grievance under the Administrative Remedy Procedure." When such grievances are accepted for processing, the warden assigns the grievance to a staff member who issues a step one response. If the offender is not satisfied with that response, he may request review by the warden at step two and, finally, the sheriff at step three. The only written complaint filed by Plaintiff was described by him to be a PREA complaint. That document did not include any indication that it was intended to serve as an administrative remedy grievance, and it was addressed through the separate procedure for PREA complaints.

Plaintiff has not filed any opposition to the motion for summary judgment or suggested anywhere in his filings that he otherwise properly exhausted the available administrative remedies. His PREA complaint will not suffice. Several courts have held that the initiation of an action under the PREA does not satisfy the requirements for exhaustion of administrative remedies under the PLRA. See, e.g., Porter v. Howard, 531 Fed. Appx. 792, 793 (9th Cir. 2013) ("[Plaintiff] provides no support for his contention that he was excused from the requirement that he file an administrative grievance by

operation of the Prison Rape Elimination Act of 2003 ...."); McClary v. Butler, 2019 WL 415336 (W.D. NC 2019) ("Plaintiff's initiation of an action under the PREA simply does not satisfy the requirements for exhaustion of administrative remedies under the PLRA."); and Barringer v. Stanley, 2017 WL 628305, *2 (W.D. NC 2017) ("Plaintiff's initiation of an action under the PREA simply does not satisfy the requirements for exhaustion of administrative remedies under North Carolina's ARP.")  One state prison system has amended its grievance rules post-PREA to provide that any grievance that alleges sexual abuse or harassment is deemed on filing to have exhausted for PLRA purposes. Sheffer v. Fleury, 2019 WL 3891143, *3 (M.D. NY 2019).  There is no indication that the grievance plan in place at CPDC contained such an exception.

Warden Sumlin and Deputy Norred have presented uncontested summary judgment evidence to make out their defense that Plaintiff did not exhaust his administrative remedies, as required by the PLRA, before he filed this civil action.  Plaintiff has not created a genuine issue of material fact with respect to the defense or offered a valid justification for not exhausting his administrative remedies before he filed this action, so summary judgment is required.  Failure to exhaust warrants dismissal without prejudice of the claims against these two defendants. Bargher v. White, 928 F.3d 439, 447 (5th Cir. 2019).[1]

---

[1] Even if Plaintiff had properly exhausted his claims, his lack of physical injury or a qualifying "sexual act" as defined by 18 U.S.C. § 2246 would likely preclude him from recovering compensatory damages.  42 U.S.C. § 1997e(e);  Hutchins v McDaniels, 512 F.3d 193 (5th Cir. 2007).

**Assistant Warden John Goodwin**

It was determined in an earlier Report and Recommendation that the Warden Goodwin who Plaintiff wishes to sue is Assistant Warden John Goodwin. Doc. 43. The court issued an order (Doc. 44) that stated: "If Plaintiff wishes to pursue claims against John Goodwin, he must, within 21 days of the date of this order, file with the clerk of court in Lafayette, Louisiana (1) a copy of his complaint, (2) two completed summonses, and (3) a completed USM-285 form." The order warned: "If Plaintiff does not timely submit service papers for John Goodwin, then the claims against that defendant will be deemed abandoned and will be dismissed."

The Clerk of Court served Plaintiff with a copy of the order and forms for a summons and a USM-285. Plaintiff's deadline to return the completed service papers was October 7, 2019, which passed. As of this writing, Plaintiff has not submitted service papers for John Goodwin.

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962). Dismissal for such failures may be ordered "with or without notice to the parties." Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir.1982).

Dismissal for failure to prosecute is ordinarily without prejudice, but the limitations period sometimes makes it effectively with prejudice. Dismissal is still warranted in these

circumstances given the aggravating factors that (1) plaintiff, not a lawyer, is personally to blame for his lack of action and (2) the delay is likely intentional given the clear instructions and warning in the court's order, the providing of forms, and the fact that Plaintiff has successfully completed similar service papers in the past when he wanted to pursue claims against a defendant. Plaintiff failed to return service papers, a simple but necessary preliminary step to pursue a claim against Goodwin. Dismissal of the claims against that defendant is warranted. Lewis v. Sheriff's Dep't Bossier Par., 478 Fed. Appx. 809, 815-17 (5th Cir. 2012) (affirming dismissal for failure to return service papers). [2]

**Claiborne Parish Detention Center**

Plaintiff's complaint names as a defendant the Claiborne Parish Detention Center. "It is well established that a detention center is not a legal entity capable of being sued." Robertson v. Detention Center Claiborne Parish, 2009 WL 3241561 (W.D. La. 2009). A detention center is merely a building and grounds, not a person, corporation, or other entity who might properly be sued. Hicks v. Page, 2010 WL 2243584 (W.D. La. 2010). Accordingly, the CPDC should be dismissed as a defendant.

Accordingly,

---

[2] Dismissal of the claims against Assistant Warden John Goodwin is also likely warranted for failure to exhaust administrative remedies, but failure to exhaust is an affirmative defense that the court may not raise sua sponte on behalf of a defendant. If Goodwin had been served, it would have been up to him to assert the defense in his own motion for summary judgment. Carbe v. Lappin, 492 F.3d 325 (5th Cir. 2007); Thomas v. Goodwin, 2018 WL 1613794 (W.D. La. 2018).

It is recommended that Defendants' Motion for Summary Judgment (Doc. 45) be granted as follows: (1) all claims against Warden Johnny Sumlin and Deputy Caleb Norred should be dismissed without prejudice for failure to exhaust administrative remedies and (2) all claims against the Claiborne Parish Detention Center should be dismissed on the grounds that it is not a legal entity capable of being sued. It is further recommended that all claims against Assistant Warden John Goodwin be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of November, 2019.

Mark L. Hornsby
U.S. Magistrate Judge